| | | |
|---|---|---|
| DEBRA A. LATCHUM, | ) | CASE NO. 4:07CV00042 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which granted plaintiff a closed period of disability covering March 13, 2003 through June 1, 2005, but denied the rest of her May 11, 2004 claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had an alleged disability onset date of March 13, 2003, had not engaged in substantial gainful activity during the relevant time period, and was insured for benefits through March 31, 2009. (R. 19, 23.) The Law Judge further found that during what he found to be a closed period between March 13, 2003 through June 1, 2005, she suffered severe

impairments affecting her shoulders and lower back, though none of her impairments, alone or in combination, were found to meet or equal any listed impairment.[1] (R. 23.) He also determined that plaintiff's statements about the limiting effects of her symptoms during this closed period were "generally credible," that she retained the residual functional capacity ("RFC") to lift and carry no more than ten pounds occasionally, and she was unable to perform any work activity on a sustained, regular and continuing basis due to the hematoma pressing on the nerves in her back. (*Id.*) The Law Judge concluded that this RFC precluded her from performing her past relevant work[2], or any work which existed in the national economy. (R. 23-24.) Thus, the Law Judge ultimately determined that, during the closed period, plaintiff was disabled under the Act. (R. 24.)

The Law Judge further found that, effective June 1, 2005, plaintiff experienced medical improvement, and her disability ended. (*Id.*) He concluded that she did not have an impairment or combination of impairments which met or equal a listed impairment, and that her medical improvement related to her ability to work because she "no longer has impairments in her abilities to stand, walk, or sit." (R. 25, 29.) The Law Judge was of the view that this new RFC allowed her to perform sedentary work, though she still was precluded from performing her past relevant work. (R. 25, 29.) By application of the Medical-Vocational Guidelines ("grids"), and by reference to evidence provided by a vocational expert (VE), the Law Judge determined that jobs were available which existed in significant numbers in the national economy.[3] (R. 29.) Ultimately, the Law Judge

---

[1]The Law Judge found that she had a depressive disorder, but she does not have a severe mental impairment. (R. 23.)

[2]Plaintiff's past relevant work was found to consist of work as a rubber cutter, ATM assembler, hair dresser, and an apexer. (*Id.*)

[3]The Law Judge noted that the VE testified that the sedentary positions of surveillance monitor and information clerk were representative of the jobs available. (R. 29, 815-816.)

2

concluded that plaintiff experienced medical improvement, and as such, her disability ended on June 1, 2005. (R. 30.)

Plaintiff appealed the Law Judge's decision to the Appeals Council. (R. 7-9.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the Law Judge's decision, denied her request for review, and adopted the Law Judge's March 23, 2006 decision as the final decision of the Commissioner. (R. 7-8.) This action ensued.

In a Memorandum filed in support of her Motion for Summary Judgment, plaintiff initially argues that the Law Judge's finding that she experienced medical improvement on June 1, 2005 is not supported by substantial evidence. (Pl's Brief, pp. 3-4.)[4] Specifically, she contends that this finding is based on the Law Judge's own medical determination that she had a surgery which resolved all functional limitations a consultative examiner found impacted her abilities to sit, stand, and walk. (Pl's Brief, pp. 3-4.) Plaintiff argues that any decision about the extent to which the surgery medically resolved these functional limitations should be based on a post-surgery functional capacity evaluation, and she should be referred for a new functional capacity evaluation. (Pl's Brief, p. 4.) The undersigned agrees that the Law Judge exercised an expertise he did not possess and made a determination of medical improvement which is not supported by substantial evidence.

The court must sustain the Commissioner's disability determination if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Similarly, the Commissioner's determination to terminate benefits on the basis of medical improvement must also be supported by substantial evidence. 42 U.S.C. § 423(f)(1); *Rhoten v. Bowen*, 854 F.2d 667, 669 (4th Cir. 1988).

---

[4]Plaintiff's Memorandum is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

3

The Law Judge's finding that plaintiff was disabled during the closed period, March 13, 2003 through June 1, 2005, was based on the fact that she was unable to perform any work on a sustained, regular and continuing basis due to the hematoma pressing on the nerves in her back. (R. 23.) In finding plaintiff disabled during the closed period, the Law Judge relied on July 9, 2004 findings by Leon Grigoryev, M.D. that plaintiff could stand and walk for not more than two hours in and right-hour workday and sit no more than four hours in an eight-hour workday with regular breaks. (R. 23, 529.) The Law Judge determined that Dr. Grigoryev's opinion was consistent with the record as a whole, well supported, and entitled to "great weight." (R. 23.)

As indicated above, the Law Judge further found that, effective June 1, 2005, plaintiff experienced medical improvement, and her disability ended. (R. 24.) Plaintiff had undergone a surgical procedure to remove the offending hematoma in May 2005, and the Law Judge was of the belief that, by June 1, 2005, she had "sufficient time to recover from this surgery and she was able to stand and walk and sit without impairment-related limits." (R. 25.) He found that the post-surgery medical improvement was related to her ability to work because she "no longer has impairments in her abilities to stand, walk, or sit." (*Id.*)

Initially, the undersigned notes that the Law Judge's finding that plaintiff experienced medical improvement because she had "sufficient time to recover" by *June* 1, 2005 was based on his belief that the surgery to remove the hematoma occurred in *May* 2005. (R. 24-25.) Actually, the surgery was performed on *February* 14, 2005, not in May.[5] (R. 699-701.)

While that factual error may or may not be critical to an eventual outcome in the case, the larger question is whether there is record support for the Law Judge's determination that the

---

[5]The Commissioner acknowledges in his Memorandum that the surgery was performed on February 15, 2005. (Comm's Brief, p. 10.)

4

limitations found by Dr. Grigoryev had been resolved by her February 2005 surgery. Essentially, this medical determination was the key to whether plaintiff was disabled. However, the Law Judge references absolutely no objective medical evidence to support his subsequent finding that her surgery caused improvement so great that it eliminated these functional limitations and allowed plaintiff to "stand and walk and sit without impairment-related limits." (R. 25.) Instead, the Law Judge relied solely upon plaintiff's subjective statements and reported daily activities to support his opinion. (R. 26-27.)

    Of course, the reason that the Law Judge failed to reference any post-surgical evaluations assessing whether the functional limitations on her abilities to stand, walk, and sit had been diminished or eliminated is that none exist in the record. It is clear from the evidence that plaintiff underwent a procedure which, according to her statements, provided her with some relief. However, the question then becomes whether the relief was so great that she "no longer has impairments in her abilities to sit, stand, and walk." The undersigned does not believe that, apart from exercising his own brand of expertise, a decision in this regard, which was made by a consultant retained by the Commissioner, can be justified without reference to that same type of medical expertise. To put it another way, the Law Judge was not free to exercise his own expertise based on the subjective evidence in this record without any corresponding objective medical evidence, such as the evidence of Dr. Grigoryev, to reach a conclusion that plaintiff "no longer has impairments in her abilities to sit, stand, and walk." There was and remains a medical component to the determination of medical improvement in this case that necessitates consultative review, which did not but should have occurred, before plaintiff's period of disability was found to cease.

    For these reasons, the undersigned RECOMMENDS that an Order enter GRANTING the

plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings in which additional medical evidence is to be adduced concerning plaintiff's post-surgical abilities to stand, walk, and sit.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

5-29-08
Date